# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

DANIEL MOLINAR MENDEZ,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-00673-RFB-BNW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Daniel Molinar Mendez's First Amended Petition (ECF No. 9). Through his petition, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. For the foregoing reasons, the Court grants Mr. Molinar Mendez's Petition, ordering his immediate release.

## I.    JURISDICTION

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citations omitted), superseded by statute on other grounds as stated in Nasrallah v. Barr, 590 U.S. 573, 580 (2020). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Trump v. J.G.G., 604 U.S. 670, 672 (2025) (clarifying that an immigration detainee's challenge to their confinement, and removal, falls "within the 'core' of the writ of habeas corpus") (per curiam) (citations and quotation marks omitted); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention . . . ."); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

Respondents challenge this Court's jurisdiction over the instant matter, arguing that the Court lacks jurisdiction to review a non-citizen's final order of removal under 8 U.S.C. §§ 1252(b)(9) and 1252(g). See ECF No. 10 at 7–12 [hereinafter, "Opposition"]. However, as explained in greater depth below, infra Part III, those arguments are in error and misplaced, as Petitioner does not have a final order of removal. Moreover, this Court has repeatedly found that these jurisdiction-stripping provisions of the INA do not apply to challenges such as Petitioner's, which concerns a challenge to detention—not a challenge to an order of removal; the Court incorporates its prior findings reasoning on this matter by reference herein. Escobar Salgado v. Mattos, 809 F. Supp. 3d 1123, 1141–1143 (D. Nev. 2025). The Court thus retains jurisdiction to consider this matter pursuant to its habeas authority under 28 U.S.C. § 2241.

II.    STATUTORY SCHEME

By way of background, the Immigration and Nationality Act ("INA") provides a "complex statutory framework of detention authority." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Specifically, four statutes empower the government "to detain non-citizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a)." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnotes omitted) (citation modified). A non-citizen's place within this web of statutes is significant as it "can affect whether [their] detention is mandatory or discretionary, as well as the kind of review process available to [them] if [they] wish[ ] to" challenge their detention. See id. (citation omitted). In the instant case, Respondents exclusively invoke § 1231(a) to justify Petitioner's detention and support their claim

that his detention is mandatory in nature. See generally Opposition. As such, § 1231(a) is the only provision of the INA relevant to this case.

**A. Section 1231(a)**

Section 1231(a) governs the detention of non-citizens who are subject to final orders of removal. See 8 U.S.C. § 1231(a); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing Jennings v. Rodriguez, 583 U.S. 281, 298 (2018)) (clarifying that § 1231(a) supplies DHS's detention authority once a non-citizen is subject to a final removal order). When a non-citizen "is ordered removed, [the Department of Homeland Security ("DHS")] must physically remove [them] from the United States within a 90-day 'removal period.'" Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) (quoting 8 U.S.C. § 1231(a)(1)(A)). During this period, "detention is mandatory." Id. (citing § 1231(a)(2)). A non-citizen's removal period begins on the latest of three dates: (1) when their removal order becomes administratively final; (2) when a court that stayed deportation enters a final order regarding their deportation; or (3) when they are released from non-immigration detention. See 8 U.S.C. § 1231(a)(1)(B); see also Guzman Chavez, 594 U.S. at 528 (citing 8 U.S.C. § 1231(a)(1)(B)). As is relevant to the instant case, a removal order becomes *administratively final* in the following circumstances: (a) upon dismissal of an appeal by the Board of Immigration Appeals ("BIA"); (b) upon waiver of appeal by the respondent (Petitioner); (c) upon expiration of the appeal period if the respondent does not file an appeal within that period; (d) if certified to the BIA or Attorney General, upon the date of their subsequent decision ordering removal; (e) if removal is ordered by an immigration judge ("IJ") in a noncitizen's absence, immediately upon entry of the order; or (f) in the event an IJ grants an alternate order of removal connected to a grant of voluntary departure, upon overstay of the voluntary departure period or upon failure to post a required voluntary departure bond within the specified timeframe. 8 C.F.R. § 1241.1.

As soon as a non-citizen's removal period lapses, they must be released subject to supervision, see 8 U.S.C. § 1231(a)(3), unless they fall into one of four statutory categories. See 8 U.S.C. § 1231(a)(6); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) (citations omitted) ("The post-removal-period detention statute applies to certain categories of [non-

citizens].”). Pursuant to § 1231(a)(6), DHS may continue to detain a non-citizen who is: (1) inadmissible; (2) removable under certain provisions of § 1227(a); (3) a risk to the community; or (4) unlikely to comply with their removal order. See Johnson v. Arteaga-Martinez, 596 U.S. 573, 579 (2022) (quoting 8 U.S.C. § 1231(a)(6)). "Continued detention under this provision [triggers] the 'post-removal period.'" Guzman Chavez, 594 U.S. at 529.

### III.    DISCUSSION[1]

#### A.  Applicability of Section 1231(a)

The Court now considers whether Petitioner is subject to mandatory detention pursuant to § 1231(a), as Respondents argue there is "no dispute Petitioner is subject to a final order of removal." Opposition at 12. However, Respondents' bold assertion (i.) is in error, as that is the singular dispute posed to this Court,[2] and (ii.) runs contrary to the very facts presented by Respondents.

Respondents' position, as set forth in their Opposition, is that Petitioner is subject to a final order of removal and is "refusing to comply" by appealing his removal decision. Opposition at 13. However, by their own statement of the facts, Respondents fail to reckon with their own regulations. It is undisputed that Petitioner timely appealed his order of removal, and that appeal remains pending. See Traverse at 3–4 ("Mr. Molinar Mendez reserved his right to appeal the order of removal and an appeal was timely received on December 22, 2025. The appeal is currently pending."); Opposition at 14 (in claiming Petitioner has been afforded due process in his removal proceedings, Respondents assert that any delay is "due to *Petitioner's appeal to the Court of Immigration Appeals relative to the Immigration Court's Order of Removal*" and acknowledge that the appeal is still pending by asserting their position "that the appeal is likely *to be* denied[.]") (emphasis added); ECF No. 15-1 (EOIR Data) (evidencing that EOIR's own data confirms that Petitioner's appeal of the removal decision remains pending at this time). Therefore, it is actually

---

[1] The Court's determinations are predicated upon the Parties' factual allegations and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (describing the factfinding process in habeas corpus proceedings).

[2] "To be clear, Petitioner disputes that there is a final order of removal because no such order is final while his appeal remains pending." ECF No. 14 at 6 [hereinafter, "Traverse"].

undisputed that Petitioner's removal order is *not* administratively final under 8 C.F.R. § 1241.1—Petitioner did not waive his appeal, he appealed within the prescribed appeal period, and the appeal is pending, *i.e.*, there has been no dismissal of the appeal by the BIA. See 8 C.F.R. §§ 1241.1(a)–(c). Because a removal order becomes final on the latest of the three potential dates set forth in 8 U.S.C. § 1231(a)(1)(B), a removal order that is not yet administratively final under the regulations is not yet final for the purposes of the INA.

Thus, Petitioner's detention categorically cannot be sustained under § 1231(a), because he is not subject to a final order of removal per the terms of the statute and its implementing regulations.

### B. Due Process

The Court now turns to the constitutionality of Petitioner's confinement. Outside of the criminal context, government detention violates the substantive component of the due process clause "unless the detention is ordered . . . in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citations and quotation marks omitted). Respondents have failed to assert any individualized justification—let alone a special or compelling justification—for depriving Petitioner of his freedom. See generally Opposition. Accordingly, the Court finds that Petitioner's detention, which Respondents seemingly allege may continue in perpetuity—given that they claim his detention is mandatory to effectuate a removal that may never happen pursuant to an order of removal that is not even final—also violates his right to substantive due process.

For the foregoing reasons, the Court has little difficulty concluding that Petitioner's due process rights have been violated by Respondents, and his detention is, therefore, unconstitutional.

### C. Scope of Relief

Petitioner requests relief in the form of immediate release. Because Respondents have failed to provide any lawful authority that permits Petitioner's prolonged detention and egregiously violated his due process rights in doing so, the Court finds immediate relief is the appropriate

remedy in the face of these statutory and constitutional violations.

### IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Amended Petition (ECF No. 9) is **GRANTED**. Defendants must **IMMEDIATELY RELEASE** Petitioner from detention on his own recognizance, **but by no later** than **12:00 P.M. on April 23, 2026**. This means Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents' Motion to Seal (ECF No. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **April 24, 2026**, confirming Respondents' compliance with this Order, and Petitioner's release from detention.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** April 22, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 6 -